CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJte
APR 0 1 2013
JULIA C. DUDLEY, CLERK
BY: HMcDonace
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MELVIN FRANKLIN CARTER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:13cv00073 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MIDDLE RIVER REGIONAL JAIL, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Melvin Franklin Carter, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Middle River Regional Jail, alleging that jail officials have violated his constitutional rights by not permitting him to see an eye doctor. I find that the Middle River Regional Jail is not a proper defendant to a § 1983 action. Accordingly, I will dismiss Carter's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

Carter names only the Middle River Regional Jail as defendant to this action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As the Middle River Regional Jail is not a "person" subject to suit under § 1983, Carter cannot maintain his action against the defendant jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Therefore, I will dismiss this action.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 1st day of April, 2013.

Senior United States District Judge